UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTION, INC. <br> As Broadcast Licensee of the July 26, 2008 <br> Cotto/Margarito Event, <br><br> *Plaintiff*, <br><br> v. <br><br> 1) HO-HAK, INC., Individually and d/b/a <br> LISA'S MEXICAN RESTAURANT; 2) <br> CARLA RUIZ, Individually and d/b/a <br> LISA'S MEXICAN RESTAURANT; 3) <br> ALICIA SERVIN-CENDEJAS, Individually <br> and d/b/a LISA'S MEXICAN <br> RESTAURANT., <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § | Civil Action No. 5:11-cv-00625-XR |

# ORDER

On this day the Court considered Defendants' Motion to Dismiss for Failure to State a Claim (Docket No. 9). For the following reasons, the Court DENIES the motion to dismiss.

## Background

Plaintiff J&J Sports Production, Inc. filed a lawsuit against Defendants for alleged violations of 47 U.S.C. §§ 553 and 605, claiming that Defendants unlawfully intercepted a pay-per-view boxing match and published it to patrons at Lisa's Mexican Restaurant on July 26, 2008. Defendants filed a Motion to Dismiss arguing that Plaintiff's complaint was filed one day after the expiration of the applicable statute of limitations.

## Legal Standard

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to

1

dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought". FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"A plaintiff typically is not required to plead, in the complaint, facts that negate an affirmative defense." *Jaso v. Coca Cola Co.*, No. 10-20786, 2011 U.S. App. LEXIS 15875, at *9 (5th Cir. Aug. 1, 2011) (unpublished opinion). With regard to the statute of limitations defense, a Rule 12(b)(6) dismissal is only appropriate "where it is evident from the [complaint] that the action is barred and the [complaint] fail[s] to raise some basis for tolling." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)

**Analysis**

Defendants move to dismiss Plaintiff's complaint arguing that it was not filed within the applicable statute of limitations. The parties agree that the statute of limitations for Plaintiff's anti-piracy case is three years. *See Prostar v. Masachi*, 239 F3d 669, 676 (5th Cir. 2001). The parties further agree that Plaintiff's claim accrued on July 26, 2008.

Defendants assert in their motion that "Plaintiff filed its cause of action on the day after the statute of limitations expired – July 2<u>7</u>, 2011." (emphasis in original). Plaintiff responds that

"Defendants incorrectly identify the date this case was filed. A simple review of the docket sheet, or even Plaintiff's Original Complaint [Doc. 1] shows that the case was filed on July 25, 2011-not July 27, 2011, as Defendants boldly state."

Plaintiff is correct.  A simple review of the docket sheet and Plaintiff's Original Complaint reveals that Plaintiff's case was filed on July 25, 2011-- one day before the statute of limitations expired.  Accordingly, Defendants' Motion to Dismiss must be denied.

**Conclusion**

For the reasons stated above, Defendant's motion to dismiss the complaint as time barred is DENIED.

It is so ORDERED.

SIGNED this 29th day of September, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE